UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEON OPIACHA, | Case No. 22-CV-1013 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF THE DEPARTMENT OF HUMAN SERVICES, | |
| Defendant. | |

Leon Opiacha, pro se.

Plaintiff Leon Opiacha is a civil detainee of the State of Minnesota. In this action, Opiacha seeks his release on the grounds that his continued detention is unconstitutional under the Eighth Amendment. ECF No. 1 at 3–4. Opiacha moved to proceed in forma pauperis ("IFP"). ECF No. 2. Magistrate Judge David T. Schultz reviewed Opiacha's complaint pursuant to 28 U.S.C. § 1915(e)(2). In a Report and Recommendation ("R&R") filed on April 28, 2022, Judge Schultz recommended dismissing Opiacha's complaint without prejudice—and denying the pending IFP motion—because a civil detainee such as Opiacha may not use a federal civil action other than a petition for a writ of habeas corpus "to challenge the legality of [his] facially valid incarceration." ECF No. 3 at 2; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (per curiam) (applying *Preiser* to civil detainees).

After the R&R was filed, Opiacha sent a letter to Judge Schultz. ECF No. 4. Because that letter responds to the R&R and was filed within the time allotted for objections, the Court construes the letter as an objection to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review. The Court now overrules Opiacha's objection and adopts the R&R.

The main thrust of Opiacha's letter is that the Eighth Amendment prohibits his indefinite detention and that he is fit for release. *See generally* ECF No. 4. But Opiacha himself seems to concede that he must pursue his release by seeking a writ of habeas corpus. *Id.* at 2–3 ("I ask you get me out of this detention it seems as a Writ of Habeus Corpus is fitting so please review the 8th Ammendment as a interpretation of my confinement and Release me . . . ." [sic]). And thus, as Judge Schultz found and as Opiacha appears to concede, this action must be dismissed. Whatever the merits of Opiacha's Eighth Amendment claim, he must present that claim in a habeas action, not in a civil suit such as this one.[1]

---

[1] *Cf.* R&R, *Opiacha v. Dep't of Hum. Servs.*, No. 22-CV-1014 (ECT/BRT) (D. Minn. May 2, 2022), ECF No. 3 (recommending dismissal of Opiacha's most recent habeas action—filed the same day as this case—because he did not first get the Eighth Circuit's permission to file a second or successive habeas petition), *adopted by* Order, *Opiacha*, No. 22-CV-1014 (ECT/BRT) (D. Minn. May 31, 2022), ECF No. 4.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's objection [ECF No. 4] is OVERRULED.

2. The R&R [ECF No. 3] is ADOPTED.

3. Plaintiff's motion for leave to proceed IFP [ECF No. 2] is DENIED.

4. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 1, 2022                                s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge